HENDRY, Judge.
Petitioner, a real estate broker, seeks review by certiorari of a final order of the respondent commission which found him in violation of § 475.25(1)(c), Fla.Stat, F.S. A, and suspended him pending payment of a commission allegedly due to one of his employees.
In June of 1969, the petitioner employed a saleswoman (Treadwell) and voluntarily paid her 20% of a $3,300.00 share of a total commission earned by petitioner on the sale of a piece of property to one of petitioner’s clients. Treadwell claimed a 50% share based on an alleged oral agreement with the petitioner. She complained to the commission, an information was filed, a hearing was held, and the commission adopted the examiner’s recommended order and suspended the petitioner for failure to pay the remaining amount due to Tread-well. i
Petitioner’s major contention is that the respondent commission lacked the jurisdiction to suspend the petitioner for an act that was not within the purview of a § 475.25(1)(c) (1969), Fla.Stat, F.S.A.,[1] as it existed on the date of the alleged misconduct. In support of this contention petitioner cites the case of Cannon v. Florida Real Estate Comm., Fla.App.1969, 221 So. 2d 240, cert. denied, Fla., 226 So.2d 817. We are of the opinion that the facts of the case sub judice fall squarely in line with those in the Cannon case, supra, and, accordingly, quash the final order of suspension by the commission.
The Cannon case involved a complaint brought against the petitioner broker by a saleswoman in his employ for her share of certain earned commission. The commission filed an information against the broker for violation of § 475.25(1)(c) (1967), Fla.Stat, F.S.A, and a final order of suspension was entered against the petitioner Cannon. In finding that the commission lacked the authority to suspend the petitioner the court said at pages 241 and 242:
“(2) Chapter 475, Florida Statutes, F.S. A, was enacted for the purpose of protecting the public in dealings with real estate agents, (citations omitted.)
“The role of the judiciary is usurped if the commission is permitted to decide charges which ‘are predicated upon factual matters pertaining solely to the internal business affairs of a real estate • agency’, (citations omitted)
“The administrative processes of the commission should be directed at the ‘dishonest and unscrupulous operator, one who cheats, swindles or defrauds the general public in handling real estate transactions’. . . . (citation omitted)
“Although no Florida decision decides whether a real estate sales person is a ‘person’ within the meaning of F.S.1967, Section 475.25(1) (c), F.S.A, other juris *28 dictions with similar statutes have considered the question and generally agree that a sales person, employed by a broker, is not within the class of persons protected. This is compatible with our view herein.
“The relationship between a real estate broker and his sales personnel is contractual in nature. Enforcement of rights thereunder, absent fraud, concealment or dishonest acts, should be by a court of proper jurisdiction rather than by an administrative agency.
“The instant case involves an internal dispute between broker and saleswoman over payment of an earned commission. The commission did not find any dishonest conduct by the broker. We conclude the statute sub judice, under such circumstances, does not contemplate a saleswoman to be a ‘person’ within its meaning for invocation of actionable authority by the commission.” [Footnotes omitted.]
The respondent commission agrees that the facts of the Cannon case and the case before us are identical in every material respect. Respondent also admits that if we find that the Cannon case is controlling then the order of the commission should be quashed. The respondent argues, however, that the Cannon case was ill-reasoned and not supported by the cases cited in the decision. Upon review of the Cannon case and the authorities relied on therein, we cannot agree with the respondent’s analysis and feel that the Cannon case is controlling in the instant cause.
sjs ;}{ s}s :5: # “(c) Failed to account or deliver to any person, including registrants under this chapter, any personal property such as . . . ” [Emphasis supplied.]
We, of course, are aware that the statute that is the subject of our scrutiny has since been amended to allow suspensions on the grounds herein involved.[2] Nonetheless, that amendment is not retroactive in its effect [3] and we will not draw unsupported conclusions as to its motivation and retroactively apply them to the case before us.
Therefore, for the reasons stated and upon the authority cited and discussed, cer-tiorari is granted and the Florida Real Estate Commission’s final order is quashed with instructions to enter a dismissal of the stated charges against petitioner.

. Fla.Stat, § 475.25(1) (e) (1969) provided, in part:
“(1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has: t«t * * * *
“(c) Failed to account or deliver to any person any personal property such as money, fund, deposit, check, draft, abstract of title, mortgage, conveyance, lease, or other document, or thing of value . . . which has come into his hands, and which is not his property, or which he is not in law or equity entitled to retain, under the circumstances. . . . ”

. Ma.Stat., § 475.25(1) (e) (1971), as amended in 1970 and made effective on July 7, 1970, now reads :
“(1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:

. See: Florida East Coast Railway Co. v. Hill, Fla.App.1970, 233 So.2d 845; Springer v. Colburn, Fla.1964, 162 So.2d 513; Heberle v. P. R. O. Liquidating Co., Fla.App.1966, 186 So.2d 280; Schonfield v. City of Coral Gables, Fla.App. 1965, 174 So.2d 453.