FRANK D. UPCHURCH, Jr., Judge.
Appellant Michael McClung, a former deputy with the Seminole County Sheriffs Department, appeals an order by the Criminal Justice Standards and Training Commission decertifying him as a police officer.
Section 943.145, Florida Statutes (1983) provides the specific authority and grounds for revocation or suspension of an officer’s license:
(3) Grounds for revocation or suspension of certification shall consist of:
(a) Failure of the certificateholder to maintain qualifications established in s. 943.13 or specific standards promulgated thereunder as rules.
(b) Falsification or a willful material misrepresentation of information in an employment application to an employing agency.
(c) The commission of conduct by the certificate holder constituting gross insubordination, gross immorality, habitual drunkenness, willful neglect of duty, incompetence, or gross misconduct which seriously reduces the certif-icateholder’s effectiveness to function as a law enforcement officer or a correctional officer.
(d) For officers holding concurrent certification under s. 943.234, suspension or revocation of certification in one of the two disciplines.
(e) Bribery by the certificateholder in obtaining certification.
In response to a question by the Department of Internal Affairs, appellant admitted to using “a marijuana cigarette through the period of two years” prior to the interview. He denied any other use or possession of marijuana other than some marijuana seeds which he held as a curio in a container. Appellant denied that this was part of any pattern in his twelve years with the department, but was an isolated incident during a period of domestic difficulties with his wife. No criminal violations were ever filed against appellant and no other complaints formed the basis for appellant’s decertification.
The only question is whether the evidence against appellant was sufficient to warrant the permanent revocation of his certification as a police officer. Paragraphs one and two quoted above from section 943.145(3), Florida Statutes, are not applicable here. There are no allegations of gross insubordination, gross immorality, habitual drunkenness, neglect of duty, or incompetence. We do not believe that an isolated incident occuring two years previously, while certainly unlawful and therefore misconduct, rises to the level of gross misconduct specified by the statute authorizing permanent revocation of an officer’s certificate. In State v. Pattishall, 99 Fla. 296, 126 So. 147 (1930), it was held that where a statute provides for revocation of a license the grounds must be strictly construed because the statute is penal in nature. No conduct is to be regarded as included within a penal statute that is not reasonably proscribed by it; if there are any ambiguities included, they must be construed in favor of the licensee. See Lester v. Department of Professional & Occupational Regulations, 348 So.2d 923 (Fla. 1st DCA 1977). '
REVERSED.
DAUKSCH and COWART, JJ., concur.