JOANOS, Judge.
Appellant Norman Curtis Lewis, a former police officer for the city of Springfield, appeals ari order by the Criminal Justice Standards and Training Commission revoking his certification as a law enforcement officer. We reverse for the reason that appellant’s certification may not be revoked on statutory authority which was not in existence at the time of the conduct complained of and which has no provision for retroactive application.
The Criminal Justice Standards and Training Commission filed an administrative complaint some five years after the incident giving rise to the revocation. Specifically, paragraph 6 of the administrative complaint states:
Pursuant to the provisions of Sections 943.13 and 943.145, F.S., the Respondent is not qualified to hold a certificate as a law enforcement officer in the State of Florida because he is guilty of conduct constituting: gross insubordination, willful neglect of duty, incompetence and gross misconduct which seriously reduces his effectiveness as a law enforcement officer.
The conduct which occasioned these 'charges occurred in February 1978 in the parking lot of a convenience store in Bay County in which a shooting incident took place. Six and a half months after the event, appellant was arrested, tried for aggravated battery, and acquitted by a jury.
The hearing officer recommended dismissal of the administrative complaint since (1) the statutory authority relied upon by the Commission for revocation did not exist prior to July 1, 1980;[1] (2) there was no provision for retroactive application of the statute; and (3) the Commission did not allege or prove that the events of February 1978 reflected adversely on appellant’s moral character.[2] Prior to enactment of Section 943.145, the power to revoke law enforcement certification was implicitly granted with “the authority to specify the conditions under which such certificates *530 shall be held and revoked.” State Board of Education v. Nelson, 372 So.2d 114, 116 (Fla. 1st DCA 1979). This authority was provided in Sections 943.13 and 943.145, Florida Statutes. In the order on appeal, the Commission rejected the hearing officer’s conclusions of law.
In Davis v. Dept. of Professional Regulation, 457 So.2d 1074 (Fla. 1st DCA 1984), this court held that “a complaint seeking a license revocation must state with specificity the acts complained of, to allow a licensee a fair opportunity to prepare a defense.” While an administrative complaint “is not required to fulfill the technical niceties of a legal pleading, it must be specific enough to inform the accused with reasonable certainty of the nature of the charges.” Hunter v. Dept. of Professional Regulation, 458 So.2d 842 (Fla. 2d DCA 1984).
In this case, the Commission’s administrative complaint did not allege any conduct on the part of appellant that could be construed as a failure to meet the qualifications criteria of Section 943.13, Florida Statutes (1977), the controlling statute at the time of the alleged misconduct, nor is there any evidence in the record that could support such an allegation. The charges brought by the Commission against appellant were based solely on the shooting incident, yet appellant has never been found at fault for the incident. Appellant maintained that in the incident he shot in self defense. The jury’s verdict, and the evidence before the Commission indicated that the other person involved in the incident initiated the confrontation, thus lending credibility to appellant’s claim of self defense.
The hearing officer correctly held that while the Commission is expressly empowered to suspend or revoke a law enforcement officer’s certification pursuant to Section 943.145(3)(c), Florida Statutes, before July 1, 1980, there was no statutory authority for such suspension or revocation. In addition, as the hearing officer noted, a statute which has been amended to allow suspension or revocation of an occupational license is to be construed strictly and prospectively. See: McClung v. Criminal Justice Standards and Training Commission, 458 So.2d 887 (Fla. 5th DCA 1984); Necktman v. Saker, 271 So.2d 26 (Fla. 3d DCA 1972).
We find that the Commission improperly charged appellant under authority of a statute which has no retroactive application. Therefore, the Commission’s order revoking appellant’s law enforcement certification is reversed with directions that the hearing officer’s recommended order shall be adopted therefor.
Reversed and remanded with directions.
WIGGINTON and NIMMONS, JJ., concur.

. § 943.145(3)(c), Fla.Stat., Laws 1980, C. 80-71, § 9 effective July 1, 1980, provides:
(3) Grounds for revocation or suspension of certification shall consist of:

(c) The commission of conduct by the cer-tificateholder constituting gross insubordination, gross immorality, habitual drunkenness, willful neglect of duty, incompetence, or gross misconduct which seriously reduces the cer-tificateholder’s effectiveness to function as a law enforcement officer or a correctional officer.

. § 943.13, Fla.Stat. (1977), provides in relevant part:
After August 1, 1974, any person employed as a police officer shall:

(4) Not have been convicted of a felony or of a misdemeanor involving "moral turpitude” as the term is defined by law and who has not been released or discharged under any other than honorable conditions from the Armed Forces of the United States.