MILLS, Judge.
Bartecki appeals from the entry of a final administrative order denying his application for permission to construct a dock, adjacent to his property, in the waters of Cudjoe Bay in Monroe County, Florida, an Outstanding Florida Water. We reverse and remand for entry of an order not inconsistent with Grove Isle, Ltd. v. State of Florida Department of Environmental Regulation, 454 So.2d 571 (Fla. 1st DCA 1984), reh. den.
In August 1982, Bartecki was notified by appellee Department of Environmental Regulation (DER) that, in the absence of any petition for a formal hearing pursuant to Section 120.57, Florida Statutes, it intended to issue a permit allowing him to construct the dock. Appellee Beardsley and other parties not involved in the appeal filed such a petition. The hearing was held in September 1983 and the recommended order was issued in December of that year. Despite finding that Bartecki had “affirmatively demonstrated reasonable assurances that the project, as it would actually be constructed, would be environmentally palatable,” the hearing officer recommended denying the permit because Bartecki had not shown that the project was “clearly in the public interest” pursuant to Rule 17-4.-242, Florida Administrative Code.
While DER was considering the recommended order, this Court decided Grove Isle, supra, which held that “to the extent it requires an applicant to meet a ‘public interest’ requirement prior to the issuance of a construction permit for a stationary installation not involving the discharge of waste into waters within the state,” Rule 17-4.242 was an invalid exercise of delegated legislative authority. Bartecki brought the decision to DER’s attention, but the agency declined to consider it because a motion for rehearing was pending and the decision was therefore not final. DER de *1326 nied the permit, adopting the recommended order in to to.
Bartecki contends on appeal that, since the denial of his permit was based solely on his failure to demonstrate “public interest,” and that requirement has been stricken, this court should reverse the denial and require issuance of the permit. DER agrees that Grove Isle mandates reversal based on the agency’s reliance on the invalid rule to deny the permit, but points out that it cannot grant the permit sought by Bartecki until he “receive[s] from the Board of Trustees of the Internal Improvement Trust Fund ... consent authorizing the proposed use and exhibits it to [DER].” Section 253.77, Florida Statutes (1983). Bartecki had received the consent required by the statute, but it was withdrawn prior to the formal hearing held by DER.
We agree that, based on Grove Isle, DER’s denial of the permit based on Bar-tecki’s failure to comply with rule 17-4.242, F.A.C., was erroneous and its final order so holding is reversed. The case is remanded for entry of an order not inconsistent with Grove Isle and Section 253.77, Florida Statutes (1983).
Reversed and remanded.
SMITH and THOMPSON, JJ., concur.