WIGGINTON, Judge.
By this appeal, appellants challenge the final order of the Florida Land and Water Adjudicatory Commission (Commission) adopting the hearing officer’s findings of fact, and, with the exception of conclusion of law number five, the conclusions of law which would deny appellants’ application for a development order in the Florida Keys Area of Critical State Concern. We affirm without comment Points II, V, and VI, and that portion of Point IV challenging the “public interest” test found in paragraph 4.1 of the Coastal Zone Protection Element of the Monroe County Comprehensive Plan. However, we reverse Points I and III, and that portion of Point IV challenging the Commission’s conclusion that the Monroe County Code does not authorize a dock of the type proposed by appellants.
The genesis of this cause was appellants’ 1982 application filed with Monroe County for a major development project known as Spoonbill Sound to be located on Cudjoe Key, and to consist of twenty-five duplex lots and a dock extending into Cudjoe Bay. Following extensive hearings and the concomitant accumulation of a plethora of studies, tests, plans, and permits, Monroe County adopted a resolution approving appellants’ development and rezoning the property to an RU-2 (two-family resi *974 dential) district, conditioned only on appellants’ obtaining all required certifications prior to the construction of the dock.
Despite appellants’ prodigious and successful efforts in obtaining development approval from the county, the Department of Community Affairs (Department) appeared on the scene to challenge the county’s action, wielding its sword of authority afforded by section 880.07(2), Florida Statutes, to appeal to the Commission any development order affecting any area of critical state concern. The appeal was referred to the Division of Administrative Hearings. Following a de novo hearing, the hearing officer submitted an order recommending reversal of the county’s development order, and recommending that development approval be denied. The only conclusion in appellants’ favor was the hearing officer’s conclusion of law number five that appellants’ proposed dock did not require a dimensional variance from the Board of Adjustment. As stated above, apart from that latter conclusion, the Commission adopted the hearing officer’s findings of fact and conclusions of law.
Under Point I, appellants challenge the application of the 1984 Florida Keys “Principles for Guiding Development,” rule 27F-8.03, Florida Administrative Code. We agree that the application of those principles was improper as the rule had not at the time been submitted to the legislature for review as mandated by section 380.-05(l)(c), Florida Statutes (1985).[1] Hence, their application constituted an invalid ex-ereise of delegated legislative authority. Accordingly, we reverse the Commission’s order and remand the cause for further proceedings to allow application of the legislatively adopted version of the guiding principles. See section 380.0552(1), Fla. Stat. (1985).[2]
Next, under Point III, appellants argue that the Commission did not have jurisdiction over that portion of the dock to be constructed seaward of the mean high water line. We agree. Section 380.07 creates the Florida Land and Water Adjudicatory Commission, which consists of the Administration Commission, and gives it jurisdiction over any designated area of critical state concern. Section 380.0552(1) designates the boundaries of the Florida Keys Area of Critical State Concern as described in chapter 22F-8, Florida Administrative Code, now chapter 27F-8. Rule 27F-8.02, as promulgated by the Administration Commission, designates as the Florida Keys Area of Critical State concern all lands in Monroe County except “all lands seaward of mean high water that are owned by local, state, or federal governments .... ” In this case, 155 feet of the proposed dock will be constructed seaward of the mean high water line over submerged lands owned by the state. Consequently, by the unequivocal language of the rule, the Commission lacked jurisdiction over the construction of the 155 foot seaward portion of the dock, control of which, instead, falls to the Departments of Environmental Regulation and Natural Re *975 sources. See sections 403.087 and 253.77; and Bartecki v. Beardsley and Department of Environmental Regulation, 471 So.2d 1325 (Fla. 1st DCA 1985).
Finally, under Point IV, appellants challenge the Commission’s conclusion that the Monroe County Code does not authorize in an RU-2 zoning district a dock intended for use in common by all owners in' the development, as proposed by appellants. To the contrary, we agree with the hearing officer’s conclusion that the proposed dock is authorized and that its construction does not require a dimensional variance, and hold that her analysis comports with the plain meaning of the code. Section 19-196 of the Monroe County Code regulating RU-2 districts, including duplexes, allows accessory uses as permitted for RU-1 districts. In turn, section 19-194(b), entitled “Accessory Uses Permitted,” permits boat docks as provided in section 19-101. That latter section requires the permitting of all proposed boat docks, and authorizes the zoning department to regulate the length, construction, and other features of any proposed dock. However, as the hearing officer correctly pointed out, only in a single family residential area are docks restricted to being accessory to a single family dwelling and to serving only the residents of that dwelling; and only in a single family residential area is a variance required to extend the dock beyond 100 feet from the mean high water line. Thus, there is no foundation in section 19-101 for the Commission’s position, and we accordingly reverse.
For the foregoing reasons, we affirm in part and reverse in part, and remand the cause for further proceedings consistent with this opinion.
BARFIELD, J., concurs.
ERVIN, J., concurs and dissents with written opinion.

. Section 380.05(l)(c) provides in relevant part:
A rule adopted by the commission pursuant to paragraph (b) designating an area of critical state concern and principles for guiding development shall be submitted to the President of the Senate and the Speaker of the House of Representatives for review no later than 30 days prior to the next regular session of the Legislature. The Legislature may reject, modify, or take no action relative to the adopted rule. [Emphasis added.] ...
See Askew v. Cross Key Waterways, 372 So.2d 913 (Fla.1979).

. Section 380.0552(1) provides:
The Florida Keys Area, the boundaries of which are described in chapter 22F-8, Florida Administrative Code, is hereby designated an area of critical state concern effective July 1, 1979. Chapters 22F-8 through 22F-13, Florida Administrative Code, are hereby adopted and incorporated herein by reference. There shall be appointed a resource planning and management committee as provided in s. 380.-045.
It is of no aid to the Department and the Commission that the legislature just recently amended section 380.0552 by adopting the 1984 principles. See ch. 86-170, § 4, Laws of Florida. The amended statute bears an effective date of July 1, 1986, and gives no indication of having retroactive effect.