WENTWORTH, Judge.
Appellant seeks review of a Criminal Justice Standards and Training Commission order by which his certification as a correctional officer was revoked pursuant *391 to sections 943.1395(5) and 943.13(4), Florida Statutes. Appellant contends the Commission’s interpretation of sections 943.-1395(5) and 943.13(4) as compelling appellant’s decertification, upon entry of his nolo contendere plea to a felony, improperly converted his plea into a conviction. He further contends that these statutes violate constitutional principles of separation of powers and substantive due process. We find that the Commission’s interpretation of sections 943.1395(5) and 943.13(4) is a permissible agency construction, as the state may legitimately bar from employment as correctional officers those who plead guilty or nolo contendere to felonies. We find no constitutional violations are presented and therefore affirm.
Appellee brought an administrative complaint against appellant, a correctional officer employed by the Department of Corrections since 1979, after he pled nolo conten-dere to the felony of aggravated assault. The trial court withheld adjudication of guilt. Appellee alleged in its complaint that appellant was ineligible to hold a certificate as a correctional officer pursuant to sections 943.13(4) and 943.1395(5), Florida Statutes. Section 943.13(4) precludes any person who, after July 1, 1981, pleads guilty or nolo contendere to a felony from being employed as a correctional officer, notwithstanding suspension of sentence or withholding of adjudication. Section 943.-1395(5) provides that “the Commission shall revoke the certification of any officer who is not in compliance with the provisions of s. 943.13(1)-(10)_”
The case proceeded to informal hearing. Appellee continued the hearing to allow appellant to attempt to withdraw his plea in the trial court or to seek expunction of the probation order. Neither alternative was available, however, because the trial court no longer had jurisdiction to consider a motion to withdraw the plea, and appellant was not eligible for expunction because he had prior adjudications of guilt for misdemeanor offenses. Following a vote by members, appellee entered an order revoking appellant’s certification.
Appellant argues that the commission’s interpretation of section 943.1395(5), providing that the commission “shall revoke the certificate of any officer ... not in compliance with s. 943.13(1)-(10) ...,” as mandatory is error as that construction impermissibly converts a nolo contendere plea into a conviction under section 943.-13(4). We disagree. A plea of nolo conten-dere or guilty is not evaluated under section 943.13(4) as conclusive evidence of the commission of a wrongdoing. Instead, entry of the plea itself creates noncompliance with section 943.13(4), which, under section 943.1395(5), results in a revocation of certification. This statutory scheme is distinguishable from that in Ayala v. Department of Professional Regulation, 478 So. 2d 1116 (Fla. 1st DCA 1985), in which a mandatory interpretation of section 458.-331(l)(c), providing that a nolo plea “shall be considered a conviction,” did impermissi-bly convert the plea into a conviction. An administrative construction of a statute is entitled to great weight and should not be overturned unless clearly erroneous. Department of Insurance v. Southeast Volusia Hospital District, et al., 438 So.2d 815 (Fla.1983), cert. denied, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). We find the Commissioner’s interpretation of these statutes is not clearly erroneous.
As to appellant’s separation of powers argument, the foregoing interpretation of section 943.1395(5) is that it states a compulsory ground for ineligibility for certification under section 943.13(4) and does not provide that entry of a nolo plea to a felony is conclusive evidence of the commission of a wrongdoing. Therefore, the statutes do not equate a nolo plea with a conviction, or render a trial court’s withholding of adjudication of guilt meaningless so as to permit legislative usurption of judicial rule making authority. We find the statutes are reasonably related to a permissible state objective, defined in section 943.085(1), Florida Statutes, as an intent to “strengthen and upgrade law enforcement agencies and correctional institutions ... by attracting competent, highly qualified people ... and to retain well-qualified and experienced officers for the purpose of providing maximum *392 protection and safety to the citizens of, the visitors to, and the inmates in this state.”
We therefore affirm the order.
SMITH, C.J., and JOANOS, J., concur.