PER CURIAM.
This is an appeal from an order of appel-lee Florida Department of State, Division of Licensing, revoking appellant Jeffrey Crane’s license for carrying a concealed weapon or firearm. We affirm.
The Florida Department of State, Division of Licensing (Department), revoked Crane’s license to carry a concealed weapon or firearm pursuant to the authority of *267 section 790.06(2)(k), Florida Statutes (Supp. 1988). The order was based on Crane’s having had a withholding of adjudication of guilt on two felony charges.
Section 790.06(2)(k), Florida Statutes, requires the Department to revoke the concealed weapon license of any person who has had a felony disposition within the past three years, regardless of whether adjudication of guilt was withheld.
Crane contends that when he pled nolo contendere to the felonies in 1987, section 790.06(2)(k), Florida Statutes, was not in effect. Therefore, he could not have known that his plea would affect his right to carry a concealed weapon and ultimately affect his ability to earn a living as a private investigator. He further argues that retroactive application of section 790.-06(2)(k), Florida Statutes, is unconstitutional. The Department asserts that retroactive application of the statute is neither unconstitutional nor unjust. The Department’s position is that a license to carry a concealed weapon is merely a privilege, and not a vested right.
We find that retroactive application of section 790.06(2)(k), Florida Statutes, is not unconstitutional because a license to carry a concealed weapon or firearm is a privilege and not a vested right. See Mayo v. Market Fruit Co. of Sanford, 40 So.2d 555 (Fla.1949). Further, retroactive application of section 790.06(2)(k), Florida Statutes, is mandated by the unequivocal language of the state legislature, which in amending chapter 790 directed the Department to:
review its files of persons licensed prior to the effective date of this act to determine whether the license of any licensee is subject to revocation in accordance with the provisions of this act. The department shall revoke the license of any licensee who no longer remains eligible under s. 790.06(2), Florida Statutes, by reason of having been found incompetent, mentally ill, or guilty of a felony, as a result of plea or trial, regardless of whether adjudication of guilt has been withheld or imposition of sentence suspended.
Ch. 88-183, § 1, Laws of Fla.
Although a license has been traditionally seen as being in the nature of a privilege to do that which would otherwise be unlawful, Holloway v. Schott, 64 So.2d 680, 681 (Fla.1953), licensing laws are subject to due process guaranties. Kline v. State Beverage Department, 77 So.2d 872, 874 (Fla.1955). Assuming arguendo that it could be said Crane had acquired any vested rights with respect to his existing license, the applicable test for the validity of the retroactive legislation is found in State Department of Transportation v. Knowles, 402 So.2d 1155, 1158 (Fla.1981).[1] Here, the public interest in strict regulation of carrying concealed weapons is very great in comparison with the withdrawal of that privilege, for a three-year period, for anyone who has had a felony disposition. While Crane asserts that the statute impedes his ability to pursue his occupation of private investigator, it is clear on this record that Crane was a private investigator long before he obtained the license to carry a concealed weapon. Accordingly, the final order appealed from is affirmed.

. See generally Benton, Retroactivity in Licensing Cases, 59 Fla.Bar.J. 81 (June 1985); 2 N. Singer, Sutherland Statutory Construction §§ 41.01-.03 (4th ed. 1986).