565 So.2d 727 (1990)
David Leslie MIDDLEBROOKS, Appellant,
v.
DEPARTMENT OF STATE, DIVISION OF LICENSING, Appellee.
No. 89-406.
District Court of Appeal of Florida, First District.
June 7, 1990.
Rehearing Denied September 11, 1990.
*728 Laura Roesch and Jacalyn N. Kolk, of Hilton, Hilton & Kolk, Panama City Beach, for appellant.
Henri C. Cawthon, Asst. Gen. Counsel, Dept. of State, for appellee.

OPINION
ERVIN, Judge.
Appellant, David L. Middlebrooks, appeals an order of the Division of Licensing, Department of State (Division), which revoked his Class "D" Watchman, Guard, or Patrolman License and Class "G" Statewide Gun Permit pursuant to Section 493.319(3), Florida Statutes (1987). Middlebrooks claims that the revocation was improper because the agency retroactively applied the law to his case. We agree and reverse with directions to the Division that appellant's Class "D" license and Class "G" permit be restored.
In April 1979, Middlebrooks was convicted and sentenced to five years' confinement for felonious possession with intent to distribute both marijuana and cocaine. In May and June 1985, after Middlebrooks had completed his sentence and parole, the governor and members of the cabinet restored Middlebrooks' civil rights; including his right to receive, possess, or transport a firearm in commerce.
In October 1985, when Middlebrooks' federal firearms privileges were restored, he filed an application with the Division for a Class "D" license, required by Section 493.304(5), Florida Statutes (1985), and a Class "G" permit, required by section 493.304(8). He was issued both licenses prior to October 1, 1986, the effective date of the amendment to Section 493.319(1), Florida Statutes (Supp. 1986),[1] establishing grounds for disciplinary action within investigative and patrol services. Subsection (p) thereof provides:
The department shall deny an applicant or revoke a license when the person or licensee has been convicted of a felony, regardless of whether adjudication was withheld or whether imposition of sentence was suspended, unless and until civil rights have been restored and a period of 10 years has expired[.]
On October 3, 1988, the Division filed an administrative complaint, stating its intention to revoke Middlebrooks' licenses pursuant to this amendment. By order dated January 17, 1989, the Director of the Division revoked Middlebrooks' licenses.
Absent a clear legislative expression requiring retroactive application, a law is presumed to operate prospectively, meaning that it will apply only to conduct occurring after the statute becomes effective. State v. Lavazzoli, 434 So.2d 321, 323 (Fla. 1983). Neither the title of the bill[2] nor the amendment itself gives any indication that the legislature intended the law to be applied retroactively.[3] Moreover, the supreme court has stated that the legislature's inclusion of an effective date of a law "effectively rebuts any argument that retroactive application of the law was intended." State of Fla., Dep't of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353, 358 (Fla. 1977). Therefore, the law should apply only to a felony conviction *729 occurring on or after the effective date of the amendment, October 1, 1986. Because Middlebrooks was convicted in 1979, his licenses cannot be revoked on the authority of section 493.319(3). See Lewis v. Criminal Justice Standards & Training Comm'n, 462 So.2d 528 (Fla. 1st DCA 1985), in which this court reversed the revocation of a police officer's certification as a law enforcement officer on the ground that the hearing officer had retroactively applied a statute authorizing revocation. The statute there established grounds for revocation, which arguably encompassed certain misconduct Lewis was alleged to have engaged in on February 1978, over two years before the July 1, 1980 effective date of the statute. Id. at 529. This court stated that "a statute which has been amended to allow suspension or revocation of an occupational license is to be construed strictly and prospectively." Id. at 530.
Although Lewis clearly applies to Middlebrooks' occupational Class "D" Watchman, Guard, or Patrolman License, its application to his Class "G" Statewide Gun Permit, which is not an occupational license, is less certain. Nevertheless, the Class "G" permit should in our view be subsumed under the occupational-license analysis stated in Lewis, because the gun permit was required in 1986 pursuant to the following language: "Only Class `C' and `D' licensees are permitted to carry or use a firearm, and any such licensee who carries or uses a firearm must have a Class `G' license." § 493.304(8), Fla. Stat. (1985). Thus, anyone who serves as an armed watchman, guard, or patrolman is required to have a Class "G" license,[4] which the Division issued pursuant to the administrative authority established in Chapter 493, the chapter that regulates the investigative and patrol service occupations. Therefore, although not strictly a license to practice a particular occupation, the permit was required of certain persons whose occupations called for carrying a firearm, and thus should not be retroactively revoked.
The Division also contends that a license confers a privilege rather than a vested right, citing Mayo v. Market Fruit Co. of Sanford, 40 So.2d 555 (Fla. 1949), and that the rule against retroactive operation applies only when the law affects rights which have vested before the statute's enactment. We do not agree. Mayo and the other cases citing the above language did not address the issue of retroactivity, but instead dealt with challenges to the facial validity of statutes that authorized suspension of a license. See, e.g., State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947); Harry E. Prettyman, Inc. v. Florida Real Estate Comm'n ex rel. Branham, 92 Fla. 515, 109 So. 442 (1926).[5] The prohibition against retroactivity requires prospective operation unless the language of a statute explicitly prescribes retrospective operation. Although this rule is more strictly observed when retroactive operation would destroy a vested right or create a new obligation, State v. Lavazzoli, 434 So.2d 321, 323 (Fla. 1983); Larson v. Independent Life & Accident Ins. Co., 158 Fla. 623, 624, 29 So.2d 448, 448 (1947), the rule nonetheless has been applied in other contexts. It is therefore not accurate to say that retroactive operation is permitted in all cases except those impairing vested rights.
The Mayo language was also cited in a case that is factually similar to the case at bar, Crane v. Department of State, Div. of Licensing, 547 So.2d 266 (Fla. 3d DCA 1989). Appellant Crane was a private investigator who was licensed to carry a concealed firearm. In 1988, Section 790.06(2)(k), Florida Statutes (Supp. 1988), was enacted, requiring the Department of State to deny an application for a concealedweapons *730 license submitted by any person who had certain felony dispositions during a period of three years prior to applying. The court found that the Division's retroactive application of the statute as a basis for revoking Crane's license, due to the existence of two felony charges filed against him for which adjudication was withheld in 1987, was not unconstitutional, because Crane's license to carry a firearm was not a vested right. Crane, 547 So.2d at 267 (citing Mayo, 40 So.2d at 559). More pertinent to the facts at bar, however, was the court's observation that the session law explicitly required the Division to "`review its files of persons licensed prior to the effective date of this act to determine whether the license of any licensee is subject to revocation[.]'" Crane, 547 So.2d at 267 (quoting Ch. 88-183, § 1, Laws of Fla.) In contrast to the statute under consideration in Crane, there is nothing in the provisions of section 493.319(3) expressing an intent that the statute be given retroactive application.
The Division also argues that this court should engage in the balancing test set forth in State of Fla., Dep't of Transp. v. Knowles, 402 So.2d 1155 (Fla. 1981), superseded on other grounds by statute as stated in, Rice v. Lee, 477 So.2d 1009 (Fla. 1st DCA 1985), in which the court analyzed whether a law should be applied retroactively by weighing "the strength of the public interest served by the statute, the extent to which the right affected is abrogated, and the nature of the right affected." Id. at 1158. We are of the opinion that such an analysis is unnecessary. Unlike section 493.319(3), the statute in Knowles expressly required retroactive application, and the law deprived appellant of a valuable right. Accord Crane, 547 So.2d at 267. The court therefore fashioned a test for determining whether retroactivity was just under those circumstances.
Because we conclude that Middlebrooks' first argument is dispositive, we need not address his claim that section 493.319(3) impermissibly limits the executive's clemency power. Nor do we find any merit in the Division's argument that Middlebrooks failed to exhaust his administrative remedies by requesting a formal rather than an informal section 120.57 administrative hearing. The agency's order is reversed and the case is remanded to the Division with directions that it restore Middlebrooks' Class "D" license and Class "G" permit.
NIMMONS, J., and THOMPSON, FORD L., (Ret.), Associate Judge, concur.
NOTES
[1] Ch. 86-193, §§ 17, 41, Laws of Fla. In 1987, section 493.319(1)(p) was renumbered section 493.319(3), and amended. Ch. 87-274, § 10, Laws of Fla.
[2] Ch. 86-193, Laws of Fla.
[3] See Avila S. Condominium Ass'n, Inc. v. Kappa Corp., 347 So.2d 599, 605 (Fla. 1977).
[4] Section 493.304(8) was amended in 1986 to require that "[a]ny person who bears a firearm must have a Class `G' license." § 493.304(8), Fla. Stat. (1987); Ch. 87-274, § 2, Laws of Fla.
[5] In one case that did involve revocation of a liquor license pursuant to a statute enacted after the licensee had obtained the license, the court pointed out that the law specifically applied only to renewal applications, rather than current licenses; therefore it did not operate retrospectively. Leafer v. State, 104 So.2d 350, 351-52 (Fla. 1958).