PER CURIAM.
Hernandez challenges the constitutionality of a statute which commands a state agency to revoke a license for conduct which was not disqualifying when the license was issued.
In 1981 Hernandez was convicted of a felony — the killing of another with a firearm — and sentenced to a term of imprisonment. Shortly after his release from prison, Hernandez applied for and was granted a private investigator’s license. In 1991 the legislature tightened the qualifications for a private investigator’s license by amending chapter 493. The controlling provision is section 493.6118(4), Florida Statutes, which provides:
[I]f the applicant or licensee has been convicted of a felony in any state ..., the department shall deny the application or revoke the license unless and until civil rights have been restored by the State of Florida ... and a period of 10 years has expired since final release from supervision.
When the appellant’s license was revoked in 1992 his civil rights had not been restored.
*206 Hernandez’s constitutional claim is bottomed on an assertion that the issuance of a license creates a vested right, or that the license itself is a property right. We rejected the same contention in Crane v. Department of State, Div. of Licensing, 547 So.2d 266 (Fla. 3d DCA 1989), which is controlling. In Crane we noted, relying on Mayo v. Market Fruit Co. of Sanford, 40 So.2d 555 (Fla.1949), that a firearms license was a privilege which created no vested rights. We held that section 790.06(2)(k), which similarly requires the division to retroactively revoke a firearm license issued to a convicted felon, was valid.
The test for the validity of a statute which retroactively abrogates a thing of value is whether a great public interest is served by the statute, the extent to which any right is abrogated, and the nature of the right affected. State Dep’t of Transp. v. Knowles, 402 So.2d 1155, 1158 (Fla.1981).
We hold that retroactive application of section 493.6118(4) is not unconstitutional because a private investigator’s license is not a property right, and the legislative determination, that a great public interest is served by denying the license to a convicted felon, is not arbitrary.
Affirmed.