BENTON, Judge.
Here as below, Charles Childers maintains that the Department of Environmental Protection (DEP) acted beyond its statutory authority in ordering his saltwater products license suspended for ninety days. He contends that section 370.092(8)(b), Florida Statutes (1995), on which DEP relied, does not authorize suspension in the absence of a criminal conviction. We agree and reverse, without reaching appellant’s double jeopardy argument.
On September 29, 1995, Mr. Childers was cited for deploying a shrimp net containing in excess of 500 square feet of mesh area, and for using three nets simultaneously, all within three miles of shore, in violation of article X, section 16 of the Florida Constitution,[1] and Marine Fisheries Commission Emergency Rule 46ER95-1.[2] On February 9, 1996, after a non-jury trial, the circuit court found him guilty, but withheld adjudication of guilt, in keeping with Florida Rule of Criminal Procedure 3.670 and section 948.01(2), Florida Statutes (1995).
In a certified letter to Mr. Childers dated July 5, 1996, DEP referred to an attached notice (which is not in the record) and stated:
Please be advised that, upon receipt of this letter, your 1996/1997 Saltwater Products License (SP-70928) is hereby[3] suspended for a period of 90 days....
This suspension is based upon your failure to comply with Saltwater Fisheries statutes for a conviction of a violation of Section 16, Article X of the State Constitution.
On July 11, 1996, Mr. Childers requested a hearing. After a hearing on August 23,1996, DEP entered a suspension order on September 30,1996.
At issue now, on appeal of the suspension order, is the proper construction of section 370.092(8)(b), Florida Statutes (1995), which before its recent amendment read as follows:
*964 (b) In addition to being subject to the other penalties provided in this chapter, any violation of s. 16, Art. X of the State Constitution or any rules of the Marine Fisheries Commission which implement the gear prohibitions and restrictions specified therein shall be considered a major violation; and any person, firm, or corporation convicted of such violation shall be subject to the following additional penalties:
1. For a first major violation within a 7-year period, suspension of the saltwater products license for 90 days.
(Emphasis supplied.) The order under review sets forth the agency’s assertion that appellant was properly deemed criminally convicted, even though the court with jurisdiction to convict withheld adjudication:
In the context of 370.092(8)(b), Florida Statutes, the word “conviction” was selected by the Legislature to indicate a judicial determination of sanctionable behavior, not necessarily the final resolution of any and all criminal proceedings.
[[Image here]]
Where the court withholds adjudication of guilt, there exists sufficient and uncontested evidence on the record of that criminal proceeding to support the Department’s determination that the Petitioner has been “convicted” for purposes of this subsequent administrative action against Petitioner’s Saltwater Products License.
Effective January 1, 1997, the Legislature amended the statute, eh. 96-300, § 2, at 1311-1312, Laws of Fla., by substituting for the word “convicted,” the phrase “receiving any judicial disposition other than acquittal or dismissal,” to create section 370.092(4)(a), Florida Statutes (Supp.1996).
The version of a statute in effect at the time grounds for disciplinary action arise controls. See Willner v. Department of Prof'l Regulation, Bd. of Med., 563 So.2d 805 (Fla. 1st DCA 1990)(holding statutory amendment after violation took place did not authorize larger fine); Department of Transp. v. James, 403 So.2d 1066 (Fla. 4th DCA 1981)(holding statute enacted subsequent to conduct for which a career service employee was disciplined could not authorize consequences graver than those contemplated by the statute in effect at the time of the dereliction). Statutes stating new grounds for administrative fines, see St. John’s Village I v. Department of State, Div. of Corps., 497 So.2d 990 (Fla. 5th DCA 1986), or for license revocation or suspension should not be given retroactive effect.[4] See Muldrow v. Department of Bus. and Prof'l Regulation, 641 So.2d 508 (Fla. 1st DCA 1994); Middlebrooks v. Department of State, Div. of Licensing, 565 So.2d 727 (Fla. 1st DCA 1990); Hector v. Department of Prof'l Regulation, Fla. Real Estate Comm’n, 504 So.2d 469 (Fla. 1st DCA 1987); Lewis v. Criminal Justice Standards and Training Comm’n, 462 So.2d 528 (Fla. 1st DCA 1985); Nechtman v. Saker, 271 So.2d 26 (Fla. 3d DCA 1972). DEP does not contend otherwise here.
Citing Florida Cable Television Association v. Deason, 635 So.2d 14 (Fla.1994), DEP argues that its interpretation of statutes it administers is entitled to great deference. See also Morris v. Division of Retirement, 696 So.2d 380 (Fla. 1st DCA 1997). But
statutes authorizing the revocation of a license to practice a business or profession “must be strictly construed, and such provisions must be strictly followed, because ... penal in ... nature.” State v. Pattishall, 99 Fla. 296, 298, 126 So. 147, 148 (1930). But see DeBock v. State, 512 So.2d 164 (Fla.1987).
Werner v. Department of Ins. and Treasurer, 689 So.2d 1211, 1214 (Fla. 1st DCA 1997). Without a saltwater products license, Mr. Childers cannot work as a commercial fisherman, even on somebody else’s boat.
We reject DEP’s contention that, as a conservation measure, section 370.092(8)(b), Florida Statutes (1995), need not be eon- *965 strued strictly against a licensing agency proposing disciplinary action. See Holmberg v. Department of Natural Resources, 503 So.2d 944, 947 (Fla. 1st DCA 1987)(holding “liberal construction to effectuate a public purpose [“preservation of Florida’s beaches and shores”] cannot prevail over a principle of law as firmly established as that regarding statutory penalties”). While it would be difficult to overstate the importance of conserving marine life, see Nash v. Vaughn, 133 Fla. 499, 182 So. 827 (Fla.1938); Ex parte Powell, 70 Fla. 363, 70 So. 392 (Fla.1915), human life and health are surely no less important. Cf. Breesmen v. Department of Prof'l Regulation, Bd. of Med., 567 So.2d 469, 471 (Fla. 1st DCA 1990)(holding medical practice act “must be strictly construed in favor of the licensed physician”).
DEP points to the definition of conviction in the Florida Rules of Criminal Procedure governing sentencing guidelines. E.g., Fla. R.Crim. P. 3.701(d)(2). See also McCrae v. State, 395 So.2d 1145 (Fla.1980). In furtherance of its stated purpose that the “severity of the sanction should increase with the length and nature of the offender’s criminal history,” Fla. R.Crim. P. 3.701(b)(4), the guidelines define convictions justifying longer sentences to include all prior determinations of guilt, even if adjudication has been withheld. Fla. R.Crim. P. 3.701(d)(2). On the other hand, establishing a principal’s conviction in an accessory’s prosecution requires proof that the principal was adjudicated guilty. Weathers v. State, 56 So.2d 536 (Fla.1952). If “a person pleads guilty or is found guilty by a jury but the sentencing judge withholds an adjudication of guilt, there has been no conviction and the person’s credibility cannot be impeached with it.” Charles W. Ehrhardt, Florida Evidence § 610.4, at 434 (1994 Edition). See Barber v. State, 413 So.2d 482, 484 (Fla. 2d DCA 1982).
At one time it was a felony to sell intoxicating liquors in a dry county “having before been convicted of the like offense,” while commission of a first offense was a misdemeanor. Our supreme court decided that, for purposes of the statute, a conviction “involve[d] all the necessary proceedings from the charge to the sentence inclusive.” Smith v. State, 75 Fla. 468, 473, 78 So. 530, 532 (Fla.1918). When a prior conviction is an element of a crime, the same definition is still employed today. See Weathers; Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992); Castillo v. State, 590 So.2d 458 (Fla. 3d DCA 1991); Burkett v. State, 518 So.2d 1363, 1366 (Fla. 1st DCA 1988)(holding “that a defendant is ‘convicted,’ for purposes of [possessing a firearm while a convicted felon], when he is adjudicated guilty in the trial court”).
In short, as the Supreme Court of Florida observed last century, “numerous authorities” define conviction to mean a judge or jury’s determination of guilt, while “numerous [other] authorities ... hold the judgment or sentence to be a necessary component part of ‘conviction.’” State ex rel. Owens v. Barnes, 24 Fla. 153, 158, 4 So. 560, 561 (1888). Context must be looked to, but offers little guidance here. Regulatory statutes that define convictions broadly to include guilty pleas or other possible steps in a criminal prosecution, see, e.g., McNair v. Criminal Justice Standards and Training Comm’n, 518 So.2d 390 (Fla. 1st DCA 1987)(applying sections 943.13(4) and 943.1395, Florida Statutes), underscore the ambiguity in section 370.092, Florida Statutes (1995), which leaves “convicted” undefined. A licensee whose livelihood hangs in the balance is entitled to the benefit of this ambiguity.
Although our focus is the statute before it was amended, legislative history surrounding the changes[5] is not without relevance to our inquiry. The Natural Resources Committee of the House of Representatives produced a Final Bill Analysis dated May 16, 1996. Under the heading “Substantive Analysis,” it *966 addressed the “Present Situation,” reporting that, within months of the passage of the 1995 laws implementing the net ban, “F[lori-da ]M[arine ]P[atrol] officers began to realize there were loopholes in the law.” Fla. HR Comm, on Nat. Res., CS for HB817 (1996) Final Staff Analysis (May 16, 1996)(on file with comm.) at 3. One of the “loopholes” identified was that “DEP has encountered certain circuit court judges who, more often than not, have adjudicated without guilt [sic] alleged net-ban violators.” Id.
In the “Section-By-Section Analysis,” the effect of the amendment proposed to section 370.092, Florida Statutes (1995) was described: “Imposes penalties on people ... who have received any judicial disposition other than acquittal or dismissal, rather than only on those entities which have been convicted of violating the constitutional net ban.” Id. at 6 (emphasis supplied). Although he received a judicial disposition other than acquittal or dismissal, Mr. Childers was not “convicted of violating the constitutional net ban,” within the unambiguous meaning of the statute before it was amended. “An administrative agency may not revoke [or suspend] a license or a permit for some cause not clearly within the ambit of its statutory authority.” Board of Trustees of Internal Improvement Trust Fund of State of Florida v. Barnett, 533 So.2d 1202, 1206 (Fla. 3d DCA 1988)(citing eases).
Reversed.
ERVIN and DAVIS, JJ., concur.

. Article X, section 16(b)(2) of the Florida Constitution, which was adopted in 1994, provides:
In addition to the prohibition set forth in (1), no other type of net containing more than 500 square feet of mesh area shall be used in nearshore and inshore Florida waters. Additionally, no more than two such nets, which shall not be connected, shall be used from any vessel....

. Marine Fisheries Commission Rule 46ER95-1, effective July 3, 1995, provides:
(1) No person shall operate or fish in near-shore and inshore Florida waters any trawl with a net or bag containing more than 500 square feet of mesh area.
(2)....
(a) No person shall harvest shrimp in near-shore and inshore Florida waters as a food shrimp producer with any otter trawl that has a perimeter around the leading edge of the net greater than 66 feet.
(b) No more than 2 such trawls, unconnected, shall be towed by a single vessel at any time, including a try net.
(3) For purposes of this emergency rule:
[[Image here]]
(f) "Try net" means a small otter trawl used to test waters for the presence or size of shrimp.

.The suspension order has been stayed pending appeal, and the case is not moot. See generally City of Tampa v. Islands Four, Inc., 364 So.2d 738, 740 n. 5 (Fla. 2d DCA 1978); Dubin v. Department of Bus. Regulation, 262 So.2d 273 (Fla. 1st DCA 1972)(holding non-renewal of annual license cannot serve as substitute for revocation proceedings).

. On the other hand, the substantial restatement of an old ground in a new statute authorizes disciplinary action on the preexisting ground under the new statute. See Department of Highway Safety and Motor Vehicles v. Morea, 491 So.2d 1210 (Fla. 1st DCA 1986); Drury v. Harding, 461 So.2d 104, 108 (Fla.1984); Solloway v. Department of Prof'l Regulation, 421 So.2d 573 (Fla. 3d DCA 1982).

. Pertinent changes in the wording of the provision in question were as follows:
... any person, firm, or corporation convicted receiving any judicial disposition other than acquittal or dismissal of such violation shall be subject to the following additional penalties:
1. For a first major violation within a 7-year period, a civil penalty of $2,500 and suspension of all the saltwater products license privileges for 90 calendar days following final disposition shall be imposed.
Ch. 96-300, § 2, at 1312, Laws of Fla. (Deletions struck through; additions underlined.)