567 So.2d 469 (1990)
William T. BREESMEN, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 89-2278.
District Court of Appeal of Florida, First District.
September 5, 1990.
Rehearing Denied October 26, 1990.
*470 Susan W. Fox and William B. Taylor, IV, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Lisa S. Nelson, Appellate Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
ZEHMER, Judge.
William Breesmen, M.D., appeals a final order of the Board of Medicine, Department of Professional Regulation, that suspended his license to practice medicine in the state of Florida for 6 months for failing to keep medical records justifying his treatment of a patient in accordance with section 458.331(1)(m), Florida Statutes (1987). Because there was no showing that Dr. Breesmen violated section 458.331(1)(m), or any rule promulgated pursuant to this statute, we reverse.
Dr. Breesmen is a cardiologist who assumed care of B.R. when she was admitted to Oak Hill Community Hospital complaining of chest pain. B.R. told Dr. Breesmen that she had been having chest pain for the previous 24 hours, but was reluctant to go to the hospital. She had had several bad hospital experiences, and, as a result, refused to be placed on a respirator, be catheterized, undergo an echocardiogram, or submit to any type of radiation. Dr. Breesmen tried to persuade B.R. to allow him to conduct the necessary tests and treatment, but B.R. was steadfast in her refusal and told Dr. Breesmen not to tell anyone, especially her husband, that she was refusing such tests and treatment. She also instructed Dr. Breesmen not to record her refusal in the hospital chart because she knew, from her experience as a hospital nurse, that it would become common knowledge in the hospital. Dr. Breesmen told B.R. that since she was refusing treatment and restricting him in charting her refusal and communicating with others at the hospital, he should withdraw from the case. B.R. replied that she would leave the hospital if he withdrew, and she refused to be transferred to another hospital. She stated that she would check her hospital chart herself to determine whether he disobeyed her instructions. Because he hoped that he could build a rapport with her and convince her to submit to the necessary procedures, Dr. Breesmen agreed to abide by her requests. Four days after her admission, B.R. died of acute transmoral myocardial infarction.
The Department of Professional Regulation filed an administrative complaint against Dr. Breesmen alleging, inter alia, that he
violated Section 458.331(1)(t), Florida Statutes, by failing to practice medicine with that level of care, skill, and treatment recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances, [and]
* * * * * *
violated Section 458.331(1)(m) ... by failing to keep written medical records justifying the course of treatment of [B.R.], including, but not limited to, patient histories, examination results, and test results.
(R. 2-5).
At the subsequent administrative hearing, Dr. Breesmen testified to the above circumstances and stated that he maintained office notes explaining his reasons for not following his usual course of treatment. Dr. Laurence Dry testified for Dr. Breesmen as an expert in medical ethics. He stated that Dr. Breesmen's office notes provided adequate documentation of the course of treatment of B.R., and that he based his opinion on the national criteria for keeping hospital medical records published by the Joint Commission of Accreditation of Hospitals (JCAH).
The Department presented testimony of Dr. Jeffrey Ehrlich and Dr. Laurence Neufeld. Both of these doctors testified that a reasonably prudent physician whose patient refused to permit testing and treatment would thoroughly document such refusal on the patient's chart, even if the patient's instructions were that such refusal not be documented, because completeness *471 of the medical record is necessary for other physicians to determine the appropriateness of medical care. Dr. James Menges also testified for the Department, and he stated that Dr. Breesmen's actions were not in keeping with the JCAH standards. He stated that while a patient clearly has the right to request that treatment be nonaggressive, she does not have the right to deny the physician his duty or responsibility to document those wishes in the hospital record.
The hearing officer entered a recommended order wherein he found that a reasonably prudent physician caring for B.R. would have ordered daily chest x-rays, taken an echocardiogram, inserted a Swan-Ganz catheter, and consulted with a cardiologist. The hearing officer specifically found Dr. Breesmen not guilty of malpractice in failing to provide B.R. with appropriate treatment. However, he found that Dr. Breesmen was guilty of violating section 458.331(1)(m), Florida Statutes (1987), in that he failed to maintain adequate medical records to justify the treatment rendered to B.R. The Board of Medicine entered a final order that adopted the findings of fact and conclusions of law set forth in the recommended order, and suspended Dr. Breesmen's license for 6 months, placed him on probation for the 2-year period following the suspension, and ordered that he pay costs necessary for compliance with the final order.
Section 458.331(1)(m), Florida Statutes (1987), provides that disciplinary action, including revocation or suspension of a license, may be taken against a physician for:
Failing to keep medical records justifying the course of treatment of the patient, including, but not limited to, patient histories, examination results, and test results.
Dr. Breesmen argues on appeal that the evidence did not support the hearing officer's conclusion that he violated this statute. We agree.
The Board's evidence, at its best, showed only that Dr. Breesmen's actions were not in keeping with JCAH standards or those of a "reasonably prudent physician." However, section 458.331(1)(m) does not purport to encompass such standards, nor has any rule encompassing such standards been promulgated pursuant to section 458.331(1)(m). Thus, this evidence does not support the conclusion that Dr. Breesmen violated section 458.331(1)(m). Furthermore, because section 458.331(1)(m) authorizes revocation or suspension of a professional license, it is penal in nature and must be strictly construed in favor of the licensed physician. Farzad v. Department of Professional Regulation, 443 So.2d 373 (Fla. 1st DCA 1983); Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981). So construing this statute, it cannot be interpreted as authorizing disciplinary action for a physician's failure to document in a patient's medical chart a basis for not undertaking a particular course of treatment.
There was no showing on this record that Dr. Breesmen did not record all medical treatment administered to his patient, or that the entries he made were false or inaccurate. The entire case against him rests on failing to note why he did not follow other courses of treatment. Thus, it cannot be said that Dr. Breesmen violated the statutory standard established by the language set forth in section 458.331(1)(m). Cf. Robertson v. Department of Professional Regulation, 15 F.L.W. D1647 (Fla. 1st DCA, June 19, 1990).
We also note that at no time during these proceedings has the Board made reference to any statute or rule that fixes the standard of conduct to be followed by a physician whose patient refuses treatment and requests that his or her refusal not be documented in the hospital records. Nor has the Board set forth any statute or rule that requires a physician to document in the patient's medical chart the physician's reason for not performing particular tests or procedures. Basic due process requires that a professional or business license not be suspended or revoked without adequate notice to the licensee of the standard of conduct to which he or she must adhere. *472 The opinions of the expert witnesses offered by the parties cannot make certain, after the fact, those standards of conduct that are not clearly set forth in the statute or a rule.
Finding it unnecessary to reach the other issues raised on appeal, we reverse the appealed order and remand with directions to dismiss the charges against Dr. Breesmen.
REVERSED AND REMANDED.
MINER and ALLEN, JJ., concur.