890 So.2d 1165 (2004)
Donald COLBERT, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D03-5401.
District Court of Appeal of Florida, First District.
December 23, 2004.
Lisa Shearer Nelson of Holtzman Equels, Tallahassee, for Appellant.
*1166 Dana Baird of the Department of Health, Tallahassee, for Appellee.
ERVIN, J.
This is an appeal from a final order of appellee, the Department of Health (DOH), imposing an administrative fine and special conditions of probation on appellant, Dr. Donald Colbert, for certain violations of the Florida Medical Practice Act (chapter 458, Florida Statutes). We summarily affirm as to the first two of appellant's issues, but reverse as to the third.
In his third point on appeal, Dr. Colbert complains that DOH erred in rejecting the recommended conclusion of the administrative law judge (ALJ) finding that he did not violate section 458.331(1)(m), Florida Statutes (Supp. 1996),[1] which requires written medical records as a means of justifying the course of the patient's treatment, insofar as the finding related to the patient's post-operative records. In so concluding, the ALJ stated: "Those records adequately documented the treatment Respondent [Dr. Colbert] administered, and they are not required to explain why Respondent did not take an alternative course of treatment." In setting aside the ALJ's conclusion, DOH, while accepting the ALJ's recommended factual findings, nonetheless stated that Dr. Colbert was required to explain why he did not undertake an apparently indicated course of treatment, as provided in Florida Administrative Code Rule 64B8-9.003(2).[2] We cannot agree with the agency's interpretation of either the rule or the statute it is charged with administering.
Initially, we note that our review standard over an agency's interpretation of law is that of clearly erroneous, meaning the interpretation will be upheld if the agency's construction falls within the permissible range of interpretations. See Natelson v. Dep't of Ins., 454 So.2d 31, 32 (Fla. 1st DCA 1984). If, however, the agency's interpretation conflicts with the plain and ordinary intent of the law, judicial deference need not be given to it. Florida Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 845 (Fla. 1st DCA 2002).
In the case at bar, DOH was of the opinion that the ALJ, in finding that Dr. Colbert's post-operative records were not in violation of the statutory record-keeping requirements, had erroneously relied on this court's decision in Breesmen v. Department of Professional Regulation, Board of Medicine, 567 So.2d 469 (Fla. 1st DCA 1990), which had held that the agency could not lawfully interpret section 458.331(1)(m), a penal statute requiring strict construction, as authorizing discipline of a physician for failing to keep sufficient medical records under the theory that a reasonably prudent physician would adequately document in a patient's medical chart the basis for his or her not undertaking a particular course of treatment. The court pointed out that such interpretation was clearly erroneous, because the statute failed to express any standards that a reasonably prudent physician should otherwise follow. In addition, there was no showing that Dr. Breesmen did not record all medical treatment he had administered *1167 to his patient, or that the entries he made were false. Id. at 471.
DOH is of the opinion that its rule, adopted in response to the Breesmen opinion, cured the defect that had existed in its non-rule interpretation of the statute and justifies the discipline imposed. We cannot agree. DOH, as previously stated, accepted all of the ALJ's findings relating to Dr. Colbert's records of his post-operative care. None of those findings recited that the records did not clearly demonstrate why an apparently indicated course of treatment was not undertaken. The rule, strictly construed, requires, as a precondition to discipline, that the licensee's medical records show an apparently indicated course was not followed. Such showing has not been made in the instant case.
In displacing an ALJ's recommended conclusion, a reviewing agency is required by section 120.57(1)(l) to state with particularity its reasons for rejection, and why its substituted conclusion "is as or more reasonable than that which was rejected." The reason given by DOH, i.e., its reliance on the language of its rule, clearly did not comply with the above statutory standard.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD and KAHN, JJ., CONCUR.
NOTES
[1] Section 458.331(1)(m) provides that an appropriate person may be disciplined if he or she fails "to keep written medical records justifying the course of treatment of the patient."
[2] Rule 64B8-9.003(2) directed physicians to keep written records "with sufficient detail to clearly demonstrate why the course of treatment was undertaken or why an apparently indicated course of treatment was not taken."