WETHERELL, J.
Appellant, a developmentally disabled adult receiving services through the Home and Community-Based Services Medicaid waiver program, seeks review of a final order of the Agency for Persons with Disabilities (Agency) assigning her to Tier Three of the program. Appellant argues that the Agency misinterpreted and misapplied Florida Administrative Code Rule 65G-4.0027(4) in determining her tier assignment. We agree and reverse.
The Agency is responsible for implementing programs for persons with developmental disabilities with the goal of allowing such persons “to live as independently as possible in their own homes or communities and to achieve productive lives as close to normal as possible.” § 393.066, Fla. Stat. One of the programs implemented by the Agency is the waiver program established by section 393.0661, Florida Statutes. The waiver program assigns eligible individuals to one of four statutorily-defined tiers based on the nature and extent of the individual’s service needs. See § 393.0661(3), Fla. Stat.; Fla. Admin. Code R. 65G-4.0026 through 65G-4.0Q291. The tier system is intended to balance the delivery of services to eligible individuals with the availability of appropriated funds. See § 393.0661, Fla. Stat.
*974 Appellant was diagnosed with mental retardation, cerebral palsy, and scoliosis. She is non-ambulatory, incontinent, and non-verbal. She lives at home with her mother and is fed through a gastric tube. The services Appellant receives under the waiver program are reflected on a cost plan approved by the Agency; the services consist of Personal Care Assistance, Adult Day Training, Transportation, Consumable Medical Supplies, Durable Medical Equipment, Adult Dental, Respite Care, and Waiver Support Coordination. These services amount to approximately $72,000.
In May 2010, the Agency notified Appellant of her initial assignment to Tier Three, which requires her to adjust her cost plan to comply with the then-applicable $35,000 expenditure limit for that tier. Appellant, through her mother, challenged the tier assignment, arguing that Appellant should have been assigned to Tier One, which at the time, did not have an expenditure limit. After an evidentiary hearing,* the hearing officer entered a recommended order agreeing with the Agency that Appellant’s service needs can be met in Tier Three and, therefore, she did not qualify for Tier One. The Agency adopted the hearing officer’s recommended order in its final order and this timely appeal followed.
Under the waiver program, Tier One is limited to individuals who have intensive medical or adaptive service needs that cannot be met in the lower tiers and that are essential for avoiding institutionalization, and individuals who possess exceptional behavioral problems and present a substantial risk to themselves or others. See § 393.0661(3)(a), Fla. Stat.; Fla. Admin. Code R. 65G-4.0027(1). The parties agree, and the hearing officer found, that Appellant has “intense medical needs” and that she does not qualify for Tier Two or Tier Four. The only dispute is whether Appellant’s service needs can be met in Tier Three.
The Agency reasoned in its final order that Appellant’s service needs can be met in Tier Three because her cost plan includes $32,761 of Personal Care Assistance, which together with the $1,571.40 in the cost plan for Waiver Support Coordination, is less than the $35,000 expenditure cap in Tier Three. The Agency did not consider any of the other services in Appellant’s cost plan because, unlike Personal Care Assistance, none of the other services were listed in rule 65G-4.0027(4). That rule lists 17 specific services and states that those services “if approved through the Agency’s prior authorization process, will be used as the primary basis for making an assignment ... to Tier One.” Fla. Admin. Code R. 65G-4.0027(4)(a) through (q).
We review the Agency’s interpretation of the rule de novo, but we give deference to the Agency’s interpretation unless it is contrary to the plain language of the rule or is clearly erroneous. See Fla. Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 847 (Fla. 1st DCA 2002).
Appellant contends that, contrary to the interpretation adopted by the Agency in the final order, the plain language of rule 65G-4.0027(4) does not limit consideration of the client’s needs to only the ser *975 vices listed in the rule. We agree. The rule states that the listed services are to be used as the “primary basis” for tier assignment; it does not state that the listed services are the only services to be considered. Indeed, the Agency’s representative at the hearing testified that the rule would not necessarily preclude a higher tier assignment for a client who was receiving listed services in an amount less than the cap for a lower tier where the client had other intensive needs. This testimony conflicts with the Agency’s narrow reading of the rule, as does the Agency’s inclusion of the Waiver Support Coordination services in determining whether the individual’s needs can be met under the expenditure caps in the lower tiers because Waiver Support Coordination is not a service specifically listed in rule 65G-4.0027(4). Finally, the Agency’s narrow interpretation of this rule is inconsistent with the proposition stated in rule 65G-4.0026(l)(c) that “[t]he services authorized in an approved cost plan shall be key indicators of a tier assignment because they directly reflect the level of medical, adaptive or behavioral needs of a client.”
We need not determine in this case whether all of the services on the approved cost plan must be considered in determining tier assignment, or whether the Agency may limit its consideration to only those services directly related to the client’s intensive medical needs or behavioral problems. The outcome of this case is the same under either measure. Appellant’s cost plan includes $72,000 of services, which exceeds the expenditure limit for Tier Three. Moreover, the record reflects that in addition to the $34,332.40 of Personal Care Assistance and Waiver Support Coordination services considered by the Agency, Appellant’s cost plan includes $1,036.02 for Consumable Medical Supplies, which were found medically necessary by the Agency and are directly related to Appellant’s intensive medical needs; and, even when only these services are considered, Appellant’s needs exceed the expenditure limit for Tier Three. Accordingly, the Agency erred in determining that Appellant’s service needs can be met in Tier Three.
In sum, for the reasons stated above, we reverse the final order and remand with directions that Appellant be assigned to Tier One.
REVERSED and REMANDED with directions.
MARSTILLER and SWANSON, JJ., concur.

 This case was initially referred to the Division of Administrative Hearings to conduct the hearing requested by Appellant, but the case was subsequently transferred to a hearing officer with the Department of Children and Family Services (DCF) after section 393.125(l)(a), Florida Statutes, was amended to require the hearing in cases such as this to be provided by DCF pursuant to section 409.285, Florida Statutes. See ch. 2010-157, Laws of Fla., at § 3.