PER CURIAM.
Appellant, Blake Royer, seeks review of a final order of the Agency for Persons with Disabilities (“the Agency”) assigning him to Tier Three of the Medicaid Developmental Disabilities Home and Community Based Services Waiver Program. Because the Agency misinterpreted and misapplied Florida Administrative Code Rule 65G-4.0027(4) in determining Appellant’s tier assignment, we reverse.
The Agency assigned Appellant to Tier Three because he lived with his sister and he was authorized to receive personal care assistance. Appellant challenged this determination and argued that he should have been assigned to Tier One, which at that time did not have an expenditure cap, because he needed intensive adaptive services that exceeded the Tier Three expenditure cap. After a formal administrative hearing, the Agency found that Appellant had intensive adaptive needs, but it found that Tier Three was appropriate because *301 the total costs of his personal care and waiver coordination support services fell within the expenditure cap of Tier Three.
In making its determination, the Agency considered only the cost of Appellant’s authorized personal care assistance because it was the one service in Appellant’s cost plan that was enumerated in rule 65G-4.0027(4). However, the plain language of the rule does not limit consideration of the client’s needs to only the services listed in the rule. Newsome v. Agency for Pers. with Disabilities, 76 So.3d 972, 974-75 (Fla. 1st DCA 2011). Because the Agency found that Appellant had intensive adaptive needs and the authorized services in Appellant’s cost plan exceeded the expenditure cap for Tier Three, the Agency erred in determining that Appellant’s service needs could be met in Tier Three. We reverse the final order and remand with directions that Appellant be assigned to Tier One.
REVERSED and REMANDED with directions.
DAVIS, THOMAS, and RAY, JJ., concur.