PER CURIAM.
Appellant, William Bain, appeals a final order assigning him to Tier Two of the *643 Medicaid Developmental Disabilities Home and Community Based Services Waiver Program. Because we agree with Appellant that Appellee, the Agency for Persons with Disabilities (“Agency”), erroneously interpreted the pertinent statutes and administrative rules in assigning him to Tier Two, we reverse.
Appellant, who was thirty years of age when the proceedings below occurred, suffers from mental retardation and cerebral palsy, has a history of strokes, heart surgeries, and seizures, and lives in the family home with his parents. He is paralyzed on the right side of his body, requires total assistance with most activities of daily living, and is non-verbal. In 2010, the Agency assigned Appellant to Tier Three, which has a current expenditure cap of $34,125 per year. In its letter to Appellant, the Agency informed him that he was ineligible for Tier Two because he did not meet the statutory requirements for that level of care. Appellant challenged the assignment, asserting that he was eligible for Tier One, which has a current expenditure cap of $150,000 per year.
In the Recommended Order, the hearing officer found that Appellant’s cost plan for fiscal year 2010-2011 totaled $66,628.68 in services. For purposes of her tier assessment and Florida Administrative Code Rule 650-4.0027(4), the hearing officer used the annual costs of Appellant’s behavioral therapy and personal care assistance, which totaled approximately $38,000. She determined that Appellant had intense adaptive service needs, an eligibility requirement for Tier One. With respect to the issue of whether Appellant’s service needs could be met in another tier, a factor that must be considered in assessing Tier One eligibility, the hearing officer noted the parties’ stipulation that Appellant was ineligible for Tier Two. Because Appellant’s annual service needs could not be met in Tier Three, the hearing officer recommended that the Agency assign Appellant to Tier One.
In- its Order of Remand, the Agency noted that the hearing officer made no finding as to whether Appellant’s service needs were essential for avoiding institutionalization, a required element for a Tier One assignment. The Agency also noted its recent decision in another case that a client who is eligible for Tier One but whose service needs can be met under Tier Two’s annual expenditure cap should be placed in Tier Two even if the client is not otherwise eligible for Tier Two. The Agency remanded the case to the hearing officer for further proceedings.
In the Amended Recommended Order, the hearing officer found that Appellant would be at great risk of institutionalization if his waiver services were reduced. With respect to Appellant’s Tier Two eligibility, the hearing officer found that Appellant did not reside in a licensed residential facility and was not authorized to receive supported living or more than six hours a day of in-home support services, as required by section 393.0661(3)(b), Florida Statutes, and Florida Administrative Code Rule 65G-4.0028. She recommended a Tier Two placement, however, based upon her finding that Appellant’s annual service needs could be met under Tier Two’s annual expenditure cap of $53,625.
Appellant filed exceptions to the Amended Recommended Order, arguing in part thát he could not be assigned to Tier Two because he did not meet any of the statutory requirements for that level of care. The Agency rejected Appellant’s exceptions, reasoning:
[I]f Petitioner were being evaluated for a tier two assignment, he would be ineligible. Thus, our interpretation of the tier two rule is consistent with Petitioner’s. However, he is not being evaluat *644 ed for a tier two placement but rather a tier one placement. Since he is not eligible for a tier one placement because his intense adaptive service needs can be met in tier two, it is appropriate to assign him to tier two under these circumstances.
This appeal followed.
An agency’s interpretation of a statute which it administers will be upheld unless it is clearly erroneous. Colbert v. Dep’t of Health, 890 So.2d 1165, 1166 (Fla. 1st DCA 2004). If an agency’s interpretation of a statute conflicts with the plain meaning of the law, deference need not be given to the agency. Id. The same standard applies to an agency’s interpretation of an administrative rule. Newsome v. Agency for Persons with Disabilities, 76 So.3d 972, 975 (Fla. 1st DCA 2011).
Section 393.0661(3), Florida Statutes (2011), provides in part:
(a) Tier one is limited to clients who have service needs that cannot be met in tier two, three, or four for intensive medical or adaptive needs and that are essential for avoiding institutionalization. ...
(b) Tier two is limited to clients whose service needs include a licensed residential facility and who are authorized to receive a moderate level of support for standard residential habilitation services or a minimal level of support for behavior focus residential habilitation services, or clients in supported living who receive more than 6 hours a day of in-home support services....
Rules 65G-4.0027 and 65G-4.0028 contain the same requirements for Tiers One and Two, respectively.
It is undisputed that Appellant does not meet the eligibility requirements for Tier Two as provided in section 393.0661(3)(b) and rule 65G-4.0028. The Agency reasons, however, that an individual who is otherwise eligible for Tier One should be assigned to Tier Two if his or her annual service needs can be met by Tier Two’s expenditure cap even if the person is not eligible for Tier Two. In support of this reasoning, the Agency relies upon the language in section 393.0661(3)(a) and rule 65G-4.0027 that Tier One is “limited to clients who have service needs that cannot be met in tier two, three, or four.”
We agree with Appellant that the Agency’s interpretation is clearly erroneous and conflicts with the plain language of section 393.0661(3)(b) and rule 65G-4.0028, which limits Tier Two eligibility to individuals meeting certain requirements. By assigning Appellant to Tier Two based only upon the hearing officer’s determination of his annual service needs, the Agency imper-missibly created an exception to Tier Two eligibility that was not provided for by statute or rule. As the hearing officer found, Appellant does not meet any of the Tier Two criteria. As a result, his service needs cannot be met in that level of care. Nor can his needs be met in Tiers Three or Four. We, therefore, reverse the Final Order and remand with directions that the Agency assign Appellant to Tier One. Our conclusion as to this issue makes it unnecessary for us to address Appellant’s other argument that the hearing officer erred in including only certain services when calculating his annual service needs.
REVERSED and REMANDED with directions.
WOLF, DAVIS, and ROBERTS, JJ., concur.