MARSTILLER, J.
Appellants (collectively, “Farm Bureau”) seek review of an order issued by the Office of Insurance Regulation (“Office”) disapproving their amended sinkhole loss coverage endorsement.
*861 Farm Bureau provides property and casualty insurance in Florida pursuant to certificates of authority issued by the Office. Section 627.706(1), Florida Statutes (2011), requires Farm Bureau and other property insurers to provide coverage for catastrophic ground cover collapse in their residential property insurance policies, and to make available optional coverage for sinkhole losses.
Farm Bureau sought the Office’s approval of a proposed amendment to its endorsement form limiting sinkhole loss coverage to 25 percent of the overall coverage amount for the insured dwelling. The Office concluded that section 627.706(1) requires insurers to offer sinkhole loss coverage in an amount equal to the dwelling coverage limit, and thus, it disapproved Farm Bureau’s amended endorsement. Farm Bureau argues that the Office’s statutory interpretation is clearly erroneous. We disagree, and affirm the order.
“An agency’s interpretation of a statute which it administers will be upheld unless it is clearly erroneous.” Bain v. Agency for Persons With Disabilities, 98 So.3d 642, 644 (Fla. 1st DCA 2012). The agency’s construction of the statute receives judicial deference if it falls within the permissible range of interpretations, and does not conflict with the plain and ordinary intent of the law. See Colbert v. Dep’t of Health, 890 So.2d 1165, 1166 (Fla. 1st DCA 2004).
Under section 627.706, “[e]very insurer authorized to transact property insurance in this state must provide coverage for a catastrophic ground cover collapse.” § 627.706(l)(a), Fla. Stat. (2011). In addition,
The insurer shall make available, for an appropriate additional premium, coverage for sinkhole losses on any structure ... to the extent provided in the form to which the coverage attaches .... A policy for residential property insurance may include a deductible amount applicable to sinkhole losses equal to 1 percent, 2 percent, 5 percent, or 10 .percent of the policy dwelling limits, with appropriate premium discounts offered with each deductible amount.
§ 627.706(l)(b), Fla. Stat. (2011) (emphasis added).
Farm Bureau and the Office are at odds over the meaning of the phrase “to the extent provided in the form to which the coverage attaches.” Farm Bureau contends that the form to which sinkhole loss coverage attaches is the policy endorsement setting out the extent (limit) of such coverage, which, according to Farm Bureau, lies solely within the discretion of the insurer. Here, Farm Bureau’s proposed sinkhole loss endorsement limited coverage to 25 percent of the amount of coverage on the insured dwelling. The Office posits that the form to which sinkhole loss coverage attaches is the base property insurance policy. Consequently, under the Office’s interpretation, an insurer must offer optional sinkhole loss coverage on an insured structure to the extent provided in the base policy.
The term “form” is not defined in either section 627.706 or elsewhere in the Insurance Code. However, under section 627.410(1), Florida Statutes, which requires insurers to submit all insurance forms to the Office for approval, a “form” can be a “basic insurance policy,” or a policy “endorsement,” or one of several other policy-related documents. See § 627.410(1), Fla. Stat. (2011); see also DuFresne v. State, 826 So.2d 272, 275 (Fla.2002) (“... in cases where the exact meaning of a term was not defined in a statute itself, we have ascertained its meaning by reference to other statutory provisions _”). Reading section 627.706(l)(b) as a whole, we conclude that defining the term “form” to mean the base policy is *862 within the permissible range of interpretations. Subsection (l)(b) provides for sinkhole loss deductibles of 1 percent, 2 percent, 5 . percent, and 10 percent of “the policy dwelling limits.” Because the deductibles are tied to casualty coverage limits in the base policy, it is reasonable to conclude that the amount of sinkhole loss coverage is intended to be the same as the amount of casualty coverage provided for in the base policy. See Anderson v. State, 87 So.3d 774, 777 (Fla.2012) (“[A] statute is to be read as a consistent whole, and a court should accord meaning and harmony to all its parts, with effect given to every clause and related provision.”). Moreover, the existence, in the statute, of specific deductible amounts tends to support the Office’s argument that its interpretation ensures property owners have available to them meaningful sinkhole loss coverage, while Farm Bureau’s interpretation would permit insurers to offer so little sinkhole insurance as to make the optional coverage valueless.
Farm Bureau seeks to amend its sinkhole coverage endorsement, contending that amendments to section 627.706 enacted in 2011 gave property insurers the discretion to set their own coverage limits as a way to address legislative concerns about dramatic increases in sinkhole loss claims. See ch. 2011-39, § 21, Laws of Fla. Implicit in this argument is an acknowledgment that Farm Bureau agreed with the Office’s interpretation before the amendments took effect.
We can find no new statutory language to support Farm Bureau’s current position. The amendments to 627.706 through 627.7074 primarily clarified and added technical or scientific provisions to “reduce the number and cost of disputes relating to sinkhole claims, and ensure that repairs are made commensurate with the scientific and technical determinations and insurance claims payments.” Ch. 2011-39, § 21 at 58, Laws of Fla. The only new provision in section 627.706 limiting sinkhole coverage provides, “The insurer may restrict catastrophic ground cover collapse and sinkhole loss coverage to the principal building, as defined in the applicable policy.” § 627.706(l)(c), Fla. Stat. (2011); see ch. 2011-39, § 22 at 58, Laws of Fla.
The provision at issue in this case— requiring insurers to provide sinkhole loss coverage “to the extent provided in the form to which the coverage attaches” — is not new to section 627.706(1), but predates the 2011 amendments. In fact, this language has appeared unchanged in section 627.706 since 2007, when the Legislature amended the statute to mandate catastrophic ground cover collapse coverage in addition to optional sinkhole loss coverage. See § 627.706(1), Fla. Stat. (2007); ch. 2007-1, § 30, Laws of Fla.
As explained above, we conclude that the Office’s construction of section 627.706(l)(b) is within the range of permissible interpretations, and therefore, is not clearly erroneous. Accordingly, we AFFIRM the final order on appeal.
THOMAS, and WETHERELL, JJ., concur.