IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLAGSHIP MANOR LLC,

     Appellant,

v.

FLORIDA HOUSING FINANCE
CORPORATION AND SPINAL
CORD LIVING ASSISTANCE
DEVELOPMENT, INC.,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3295

_____/

Opinion filed September 6, 2016.

An appeal from Florida Housing Finance Corporation.

John L. Wharton and Melanie S. Griffin of Dean Mead & Dunbar, Tallahassee, for Appellant.

Hugh R. Brown, General Counsel, for Appellee, Florida Housing Finance Corp.

Michael P. Donaldson of Carlton Fields Jorden Burt, P.A., Tallahassee, for Appellee, Spinal Cord Living Assistance Development, Inc.


OSTERHAUS, J.

     Flagship Manor applied for government funding to help it develop a multi-unit housing complex for persons with special needs. The Florida Housing Finance

Corporation (Florida Housing) administered a program providing low-cost financing to support such affordable housing projects. It received applications from Flagship and others for funding. But it found Flagship's application incomplete and rejected it. Flagship protested the decision and then appealed after Florida Housing denied its protest. We affirm because Florida Housing's decision to reject Flagship's application was not clearly erroneous.

I.

Florida Housing administers an affordable housing program called the State Apartment Incentive Loan (SAIL) Program that provides low-interest, competitive loans to affordable housing developers that construct or rehabilitate multifamily units for very-low income persons and families in Florida. See § 420.5087, Fla. Stat. (2015). As part of the program, Florida Housing issued a Request for Applications (RFA) in January 2015, making a limited amount of funding available within a competitive bidding process. See Fla. Admin. Code R. 67-48 & 67-60 (2014).

Section 4(G) of the RFA required applicants to demonstrate that they controlled the property site intended to be developed. It stated in relevant part:

Site Control (Mandatory):

The Applicant must demonstrate that the Applicant entity as named in question C.2 of Exhibit A has control of the Development site(s). The Applicant must demonstrate site control by providing [an Eligible Contract].    *        *        *

2

a. Eligible Contract – For purposes of the RFA, an eligible contract is one that has a term that does not expire before August 14, 2015, or that contains extension options exercisable by the purchaser and conditioned solely upon payment of additional monies which, if exercised, would extend the term to a date that is not earlier than August 14, 2015; specifically states that the buyer's remedy for default on the part of the seller includes or is specific performance; and the buyer MUST be the Applicant unless an assignment of the eligible contract to the Applicant, is provided. If the owner of the subject property is not a party to the eligible contract, all documents evidencing intermediate contracts, agreements, assignments, options, or conveyances of any kind between or among the owner, the Applicant, or other parties, must be provided, and, if a contract, must contain the following elements of an eligible contract: (i) have a term that does not expire before August 14, 2015 or contain extension options exercisable by the purchaser and conditioned solely upon payment of additional monies which, if exercised, would extend the term to a date that is not earlier than August 14, 2015, and (ii) specifically state that the buyer's remedy for default on the part of the seller includes or is specific performance.

Flagship submitted a timely application seeking almost $4.5 million from SAIL to develop a multi-unit housing complex for homeless persons with behavioral health disorders. Its application included a commercial purchase contract for the development site (the Contract) to demonstrate site control and purported to "more particularly" provide a legal description of the site in an attachment called Exhibit A:

Street Address: 11721 – 11725 North 12th Street, Tampa, Florida

Legal Description: Hillsborough County Property Appraiser Parcel Folio #s: 036037.000 and 036038.0000, <u>more particularly described at Exhibit A attached</u>.

(emphasis added).

3

Exhibit A did not actually exist; Flagship's citation to it was a mistake. But Florida Housing did not know that Exhibit A didn't exist. So when Florida Housing considered Flagship's application, and couldn't find Exhibit A of the Contract with its more particular description of the property, it rejected the application as incomplete and nonresponsive. The Board then awarded the SAIL funding to another applicant.

Flagship filed a timely protest of the Board's decision to exclude its application. After a hearing officer conducted an informal administrative hearing pursuant to sections 120.569, 120.57(2) and (3), Florida Statutes, and Rule 67-60 of the Florida Administrative Code, he issued an order recommending that Florida Housing affirm the Board's decision and deny Flagship's Petition. The Recommended Order concluded that the Contract didn't demonstrate site control because it was facially incomplete and incorrect. The Recommended Order also said that the missing exhibit could not be considered a "Minor Irregularity" under Rule 67-60.0002(6) of the Florida Administrative Code because it was impossible to know the nature of the irregularity in the context of a missing and substantively unknown "more particular" legal description.

The Board subsequently entered a final order adopting the hearing officer's recommended order and denying Flagship's petition, and Flagship appealed.

4

We review this case in accordance with the standards outlined in section 120.68, Florida Statutes. The material facts are not disputed. We must reverse and remand if the agency erroneously interpreted the law and a correct interpretation compels a different result. § 120.68(7)(d), Fla. Stat. (2015). This Court defers to an agency's interpretation of the law it administers, unless it conflicts with the plain and ordinary intent of the law. Big Bend Hospice, Inc. v. AHCA, 904 So. 2d 610, 611 (Fla. 1st DCA 2005). But we do not defer to implausible or unreasonable interpretations adopted by an administrative agency. Sullivan v. Fla. Dep't of Envtl. Prot., 890 So. 2d 417, 420 (Fla. 1st DCA 2004). We will uphold an agency's interpretation of the statutes and rules it administers so long as it is not clearly erroneous, or beyond the "permissible range of interpretations." Colbert v. Dep't of Health, 890 So. 2d 1165, 1166 (Fla. 1st DCA 2004).

B.

The crux of this dispute is whether Flagship met the RFA's site control requirement of submitting an "eligible contract" to demonstrate site control. Florida Housing determined that Flagship missed the mark because it submitted a contract that was incomplete on its face. The Contract said that an attached exhibit provided

5

a "more particular" legal description of the proposed site of the development in Exhibit A. But Flagship submitted no Exhibit A.

Flagship argues that Florida Housing should have ignored the missing exhibit discrepancy because its application otherwise contained all essential and required site control information needed to accept its application. According to Flagship, the Contract's additional words not only cited something that didn't exist, but additional legal description of the site was just surplusage anyway. Its view is that the mistake should have been disregarded, or, at worst, been considered a "minor irregularity" under Florida Housing's rules.

Florida Housing rejected the application based upon Rule 67-60.006(1) of the Florida Administrative Code, which addresses the "Responsibility of Applicants." It says:

> 1) The failure of an Applicant to supply required information in connection with any competitive solicitation pursuant to this rule chapter shall be grounds for a determination of nonresponsiveness with respect to its Application. If a determination of nonresponsiveness is made by the Corporation, the Application shall not be considered.

Florida Housing decided that Flagship had supplied an incomplete contract and thus failed its responsibility to "supply [the] required information." Fla. Admin. Code R. 67-60.006. Even though, in other places, the Contract included substantive information demonstrating site control, Florida Housing had to decide whether to

6

accept what appeared to be, from the Contract's language, an incomplete contract with the more precise legal description of the property left unsubmitted.

We cannot conclude that Florida Housing's decision was clearly erroneous. The RFA required the submission of an "eligible contract," not a partial or incomplete contract. Flagship's omission, or misstatement, in the Contract related to the legal description of the development site, an essential component of its application. But the relative importance of the omission couldn't be evaluated on the face of Flagship's application. Flagship advocates for "sound judgment and a modicum of common sense . . . to determine the significance of the 'missing' exhibit rather than employing a harsh [rule]." But here, Florida Housing couldn't know what bearing the omitted exhibit had on its site control evaluation because it wasn't available for review. And even if the rest of the contract indicated that Flagship had met the site control requirement, the missing exhibit with a "more particular" legal description of the property, which Florida Housing had to reasonably assume existed, could have altered how Florida Housing evaluated and scored the application as part of the competitive funding process.

Faced with an incomplete contract, Florida Housing applied Rule 67-60.006 and determined the application to be nonresponsive. This decision tracks other cases where Florida Housing also rejected site control contracts for missing or incomplete exhibits. See Tidewater Revitalization, LTD v. Florida Hous. Fin. Co., Final Order

7

No. 2002-0023 (https://www.doah.state.fl.us/FLAID/FHF/2002/FHF_2002-023_02012013_043019.pdf) (Fla. HFC Oct. 10, 2002) (rejecting an application due to a missing "Exhibit A" that provided a legal description of the property); Trinity Towers Pres. Assocs., LLP v. Florida Hous. Fin. Co., Final Order No. 2012-024UC (https://www.doah.state.fl.us/FLAID/FHF/2012/FHF_2012-024-UC_03262013_040237.pdf) (Fla. HFC June 8, 2012) (rejecting an application in which the page of the contract entitled "Exhibit A Legal Description" was blank). An agency generally must follow its own precedents. See Bethesda Healthcare Sys., Inc. v. Agency for Health Care Admin., 945 So. 2d 574, 576 (Fla. 4th DCA 2006).

Finally, Florida Housing's regulations give it discretion to ignore "minor irregularities" in an application. See Fla. Admin. Code R. 67-60.008. A "minor irregularity" refers to variation "that does not provide a competitive advantage or benefit" to the applicant over other applicants. Fla. Admin. Code R. 67-60.002(6). The problem in this case, however, was that Florida Housing couldn't evaluate the impact of the missing exhibit, or simply assume that it wouldn't affect scoring. Contrary to Flagship's claim that its contract language "obviously was an oversight," Florida Housing could not look at the balance of Flagship's application and know that the exhibit didn't exist, or was immaterial. The mistake wasn't "clearly evident" on the face of the application. Fla. Admin. Code R. 67-60.008.

## III.

The agency's decision in this case was not clearly erroneous.

AFFIRMED.

ROWE, J., CONCURS; WETHERELL, J., CONCURS IN RESULT.